IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MELANIE COMER, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:11-CV-88 (CDL) |
| J.P. MORGAN CHASE BANK, N.A., | * | |
| Defendant. | * | |

O R D E R

Plaintiff Melanie Comer ("Comer") alleges that Defendant J.P. Morgan Chase Bank, N.A. ("Chase"), which is the assignee of Comer's mortgage loan, mistakenly treated her loan as being in default, falsely represented the default status of her account to various credit bureaus, and violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") during its attempts to collect payments on her loan.  Chase now seeks dismissal of Comer's Fair Debt Collection Practices Act claim, contending that it is not a debt collector under the statute based on Comer's allegation that she was not in default on the loan.  *See* Def.'s Mot. to Dismiss Count Six of Pl.'s Compl. 1, ECF No. 6.  Construing the allegations of Comer's Complaint in her favor, the Court finds that Comer has adequately alleged an alternative claim under the FDCPA, and therefore, Chase's motion to dismiss (ECF No. 6) is denied.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

FACTUAL BACKGROUND

Accepting the allegations in Comer's Complaint (ECF No. 1) as true and construing all reasonable inferences in Comer's favor as required at this stage of the proceedings, the Court finds that Comer has alleged the following facts.

On January 7, 2002, Comer and her husband, whose interest has since been deeded to Comer, obtained a loan from First Mortgage Company and executed a promissory note and deed to secure debt to First Mortgage Company. Washington Mutual ("WAMU") serviced the loan. On October 13, 2006, WAMU received Comer's monthly loan payment but did not credit it to her account. In January 2007, WAMU then reported to the credit bureaus that Comer was late on her loan payments.

Attempting to correct her account, Comer wrote letters and sent documentation of her payments to WAMU. On March 20, 2007, WAMU sent a letter to Comer recognizing its error and stating it would fix the error with the credit bureaus. WAMU, however, did not correct the error, and Comer's credit report still shows late payments. Comer hired an attorney and authorized him to speak with WAMU. The attorney sent letters and faxes to WAMU in efforts to correct the error and requested that WAMU cease calling Comer about the payments. Despite the attorney's correspondence, WAMU continued sending Comer collection letters and calling her about late charges and sums due on her loan.

WAMU's collection letters stated "WE ARE A DEBT COLLECTOR." Compl. Ex. 7, Letter from WAMU Customer Interaction Center to W. Church & M. Comer (Oct. 6, 2008), ECF No. 1-1 at 21.

On September 25, 2008, Chase acquired WAMU's banking operations assets and liabilities, including Comer's loan. At that point, Chase took over the servicing of Comer's loan and began sending Comer collection letters and calling her about amounts due. On May 7, 2010, Comer sent a written request to Chase to fix the errors. Chase then asked for a copy of the check or bank statement showing that the October 2006 payment had been made. Comer responded to the letter and provided the requested information. On March 17, 2011, Comer's attorney sent another written request for resolution to Chase and demanded all correspondence be with him and not Comer. Chase, however, continued to send Comer collection letters, including threats to foreclose. These letters included the statement "Chase is a debt collector." Compl. Ex. 8, Letter from Chase Home Lending to M. Comer (May 3, 2011), ECF No. 1-1 at 27.

Count Six of Comer's Complaint asserts that Chase violated the FDCPA by harassing Comer with letters, phone calls, and communications after Chase had been directed to communicate exclusively with Comer's lawyer. Compl. ¶¶ 53-54, ECF No. 1.

DISCUSSION

In support of its Motion to Dismiss Count Six, Chase argues that it is not a debt collector and, therefore, is not subject to the FDCPA. In response, Comer argues that Chase is a debt collector because: (1) when Chase assumed the loan from WAMU, Chase and WAMU alleged that the debt was in default; and (2) Chase admitted it was a debt collector by stating "Chase is a debt collector" in the collection letters sent to Comer. The Court finds that if it is determined that Comer was in default on her loan, as she alleges that Chase has contended, then Comer has sufficiently alleged that Chase is a debt collector for purposes of the FDCPA. However, if it is determined that Comer was not in default on her loan, then Chase would not be subject to the FDCPA.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent

such activity . . . concerns a debt which was not in default at the time it was obtained by such person." § 1692a(6)(F)(iii). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (c*iting* S. Rep. No. 95-382, at 3 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698).

Comer seeks to establish Chase as a debt collector based on the loan being allegedly in default at the time Chase assumed it. Chase's principal business is not collecting debts. Chase, like WAMU, is a loan servicer responsible for servicing Comer's loan. Compl. ¶¶ 10 & 23. Based on the forgoing, Chase, as a mortgage servicing company, is not a debt collector unless Comer's loan was in default at the time Chase took over the servicing.

The FDCPA expressly defines a debt collector, and the Eleventh Circuit follows the language of the statute in construing that definition. *Ausar-El v. BAC (Bank of America) Home Loans Servicing LP*, No. 11-10453, 2011 WL 4375971, at *1 (11th Cir. Sept. 21, 2011) (per curiam). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are

6

unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992) (citations omitted) (internal quotation marks omitted). Accordingly, the debt must be "in default," *not allegedly in default*, for a company like Chase, which is not in the business of collecting another's debt, to be considered a debt collector. 15 U.S.C. § 1692a(6)(F)(iii); *see also FTC v. Check Investors, Inc.*, 502 F.3d 159, 173-74 (3d Cir. 2007) (concluding that companies constituted debt collectors because the debt in question was in default at the time they acquired it for collection purposes).

Construing all of the facts in Comer's Complaint as true for purposes of this Motion, the Court finds that Comer has alleged an alternative claim under the FDCPA. Although Comer alleges that she was never in default, she also alleges that Chase treated her loan as if it were in default. See Compl. ¶ 10 (Comer made her October 2006 loan payment on time, but WAMU did not credit it to her account); *id.* ¶ 11 ("In January 2007, WAMU reported false information to the credit bureaus that Melanie [Comer] was late on her payments."); *id.* ¶ 38 (Chase's false and negative credit reporting harmed Comer). Therefore, Comer's Complaint can be reasonably construed to assert claims based on her contention that her loan was never in default, and in the alternative, to assert a claim under the FDCPA if it is

7

later determined that her loan was in default. The Court emphasizes that in order to ultimately prevail on the FDCPA claim, it must be established that Comer was in default at the time Chase began servicing her loan. *See Perry*, 756 F.2d at 1208 (affirming a directed verdict for a company because that company did not qualify as a debt collector since it was a mortgage servicer that assumed a debt that was not in default).

The Court rejects Comer's argument that Chase was subject to the FDCPA because it treated Comer's loan as if it were in default, notwithstanding the fact that Comer asserts it was not actually in default. Authority from other circuits supporting this argument appears to be inconsistent with the Eleventh Circuit's approach to statutory construction, which focuses on the plain language of the statute when that language is unambiguous. *Compare Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 538-39 (7th Cir. 2003) (interpreting the FDCPA's definition of debt collector as applied to a loan assignee that attempted to collect a debt it mistakenly declared in default), *with Ausar-El*, 2011 WL 4375971, at *1 (finding that the FDCPA "expressly defined" debt collector and applying the FDCPA's definition of a debt collector according to the statute's terms).

In light of the Court's ruling, it is unnecessary for purposes of the present pending motion to address Comer's

8

argument that Chase is a "debt collector" because it admitted it was a debt collector by stating "Chase is a debt collector" at the end of its letters. However, to provide guidance as this case proceeds, the Court observes that for the purpose of determining who is a debt collector under the FDCPA, as discussed above, Congress and the courts focus on the actual operations of the company and the default status of the debt at the time of acquisition. *See Nwoke v. Countrywide Home Loans, Inc.*, 251 F. App'x 363, 365 (7th Cir. 2007) (looking to the operations of Countrywide to determine its status as a debt collector and stating that the "statement [in a collection letter that 'Countrywide is a debt collector'] has nothing to do with whether Countrywide is a 'debt collector' for the purposes of the FDCPA."). Thus, the statement in Chase's letters does not establish that Chase is a debt collector under the FDCPA.

## CONCLUSION

The Court finds that Comer has alleged an alternative claim under the FDCPA based upon Chase's apparent contention that she was in default on her loan at the time that Chase began attempting to collect it. If it is determined, either as a matter of law at the summary judgment stage or by a jury during trial, that Comer was not in default on her loan at the time that Chase began servicing it, then Chase will be entitled to judgment as a matter of law on Comer's FDCPA claim at that time.

Accordingly, Defendant's Motion to Dismiss Count Six (ECF No. 6) is denied.

IT IS SO ORDERED, this 23rd day of November, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE