```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION

MELANIE COMER,                    *

    Plaintiff,                    *

vs.                               *      CASE NO. 4:11-CV-88 (CDL)

J.P. MORGAN CHASE BANK, N.A.,     *

    Defendant.                    *
```

O R D E R

Plaintiff Melanie Comer ("Comer") alleges that Defendant J.P. Morgan Chase Bank, N.A. ("Chase"), which is the assignee of Comer's mortgage loan, treated her loan as being in default when it was not, falsely represented the default status of her account to various credit bureaus, violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  In addition to her federal law claims, Comer asserts a defamation claim under Georgia law.  Chase seeks judgment on the pleadings as to that state law claim, contending that it is preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*.  Def.'s Partial Mot. for J. on the Pleadings 1, ECF No. 29.[1]  The Court finds that to the

---

[1] Chase also sought judgment on the pleadings as to Comer's claims for negligence per se and intentional and negligent failure to exercise due care in servicing, but Comer withdrew those claims.  Pl.'s Resp.

extent Comer alleges that Chase defamed her by providing false information to credit reporting agencies with malice or the willful intent to injure her, that claim is not preempted under the FCRA. Accordingly, Chase's Motion for Judgment on the Pleadings (ECF No. 29) is denied as to that claim.

### JUDGMENT ON THE PLEADINGS STANDARD

Judgment on the pleadings "is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). "If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Id*. The Court "must accept all facts in the complaint as true and view them in the light most favorable to the plaintiff[ ]." *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001) (internal quotation marks omitted); *see also Gen. Guar. Ins. Co. v. Parkerson*, 369 F.2d 821, 825 (11th Cir. 1966) ("We are, of course, aware of the obligation to scrutinize the complaint and to let it stand if plaintiff might recover under any state of

---

in Opp'n to Def.'s Partial Mot. for J. on the Pleadings 1, ECF No. 35. Thus, to the extent Chase's motion sought judgment on the pleadings as to those claims, it is now moot.

facts which could be proved in support of the claim, with the complaint construed in the plaintiff's favor.").

FACTUAL BACKGROUND

Accepting the allegations in Comer's Complaint (ECF No. 1) as true and construing all reasonable inferences in Comer's favor as required at this stage of the proceedings, *Moore*, 267 F.3d at 1213, the Court finds that Comer has alleged the following facts.

On January 7, 2002, Comer and her husband, whose interest has since been deeded to Comer, obtained a loan from First Mortgage Company through the execution of a promissory note and security deed. Washington Mutual ("WAMU") serviced the loan. On October 13, 2006, WAMU received Comer's monthly loan payment but did not credit it to her account. In January 2007, WAMU then reported to the credit bureaus that Comer was late on her loan payments.

Attempting to correct her account, Comer wrote letters and sent documentation of her payments to WAMU. On March 20, 2007, WAMU sent a letter to Comer recognizing its error and stating it would fix the error with the credit bureaus. WAMU, however, did not correct the error, and the late payments remained on Comer's credit report. Comer hired an attorney who worked to correct the error. Nonetheless, WAMU continued its collection efforts

against Comer, sending her collection letters and calling her about late charges and her allegedly delinquent account.

On September 25, 2008, Chase acquired WAMU's banking operations assets and liabilities, including Comer's loan. At that point, Chase took over the servicing of Comer's loan and began sending Comer collection letters and calling her about her allegedly delinquent account. On May 7, 2010, Comer sent a written request to Chase to fix the errors. In response, Chase requested a copy of the check or bank statement showing that the October 2006 payment had been made. Comer responded by providing the requested information. On March 17, 2011, Comer's attorney, in an attempt to resolve the matter, sent another written request to Chase. Chase, however, continued to send Comer collection letters, including threats to foreclose.

Comer alleges that Chase and WAMU's reporting of false negative information about her account to credit reporting agencies has prevented her from obtaining higher credit card limits, caused credit card companies to refuse balance transfers, increased her interest rates on credit accounts, and resulted in accounts being closed. Comer alleges that Chase's conduct was intentional and malicious and constitutes defamation under Georgia law. Compl. ¶ 42, ECF No. 1.

DISCUSSION

Chase contends that Comer's state law defamation claim is preempted by the FCRA. Comer is correct that the FCRA preempts state law claims under certain circumstances. However, as discussed below, an exception to this preemption exists under the FCRA.

**I. Preemption Under FCRA § 1681t(b)(1)(F)**

Chase argues that Comer's defamation claim is preempted by 15 U.S.C. § 1681t(b)(1)(F). Section 1681t(b)(1)(F) states: "No requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies. . . ." Section 1681s-2 enumerates the responsibilities of furnishers of information to consumer reporting agencies, including the "[d]uty of furnishers of information to provide accurate information" and the "[d]uty to correct and update information." 15 U.S.C. § 1681s-2(a)(1)-(2). Comer's defamation claim is based on allegations that Chase "report[ed] false information about her to the credit bureaus." These allegations clearly arise from conduct regulated by § 1681s-2. Compl. ¶ 42. Therefore, to the extent that Comer's defamation claim is based solely upon Chase's reporting of false information to the credit reporting agencies, it is preempted by

5

the plain language of § 1681t(b)(1)(F). *See Purcell v. Bank of Am.*, 659 F.3d 622, 623-24 (7th Cir. 2011); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47-48 (2d Cir. 2011) (per curiam).

Relying on district court opinions, Comer argues that § 1681t(b)(1)(F) only preempts state *statutory* claims and not state *common law* claims like Comer's defamation claim. As this Court discussed in *Blackburn v. BAC Home Loans Servicing, LP*, the statutory-common law distinction drawn by some district courts conflicts with the better reasoned opinions of the circuit courts of appeals that have addressed the issue. No. 4:11-CV-39 (CDL), 2012 WL 4049433, at *6-7 (M.D. Ga. Sept. 13, 2012); *accord Spencer v. Nat'l City Mortg.*, 831 F. Supp. 2d 1353, 1363 (N.D. Ga. 2011) ("[P]reemption under § 1681t(b)(1)(F) extends not only to state statutory claims, but to state common-law claims as well."). Therefore, the Court rejects this distinction and finds that § 1681t(b)(1)(F) generally preempts a common law defamation claim. However, an exception to preemption exists pursuant to section 1681h(e) of the FCRA.[2]

---

[2] The Court observes that in a case recently decided by this Court in which the Court found plaintiffs' state law claims to be preempted, the plaintiffs there did not raise the argument that the section 1681h(e) exception to preemption applied. *See Blackburn*, 2012 WL 4049433.

**II.   Exception to Preemption: 15 U.S.C. § 1681h(e)**

Congress enacted an exception to the general preemption provision in the FCRA.  *See* 15 U.S.C. § 1681h(e) ("[N]o consumer may bring any action or proceeding in the nature of defamation . . . against . . . any person who furnishes information to a consumer reporting agency . . . *except* as to false information furnished with malice or willful intent to injure such consumer.") (emphasis added).  Under § 1681h(e) of the FCRA, a furnisher of information is not protected by the FCRA's preemption provisions if "the information it provided was both false and also given with the malicious or willful intent to damage the consumer." *Lofton-Taylor v. Verizon Wireless*, 262 F. App'x 999, 1002 (11th Cir. 2008) (per curiam).

Comer alleges that Chase and its predecessors intentionally reported false information to credit bureaus knowing that the information was false, and thus Chase's only motive could have been to maliciously injure her. Compl. ¶ 42; *see also* Compl. ¶¶ 10-11 (WAMU received Comer's payment but did not credit her account and then reported falsely to the credit bureaus that Comer was late on her mortgage payments); *id.* ¶ 15 (WAMU sent a letter recognizing their error in reporting and stating they would correct the error with the credit bureaus); *id.* ¶¶ 17, 23, 26 (WAMU never corrected the false reporting and Chase continued WAMU's behavior and reporting after assuming the servicing of

7

the loan).  The Court finds that at this pleading stage of the litigation, these allegations of malicious and willful reporting of false information to the credit reporting agencies are sufficient to withstand a motion for judgment on the pleadings based on preemption.[3]

CONCLUSION

The Court denies Chase's Motion for Judgment on the Pleadings (ECF No. 29) as to Comer's defamation claim that alleges that Chase acted maliciously and/or with the willful intent to injure her.  To the extent that she alleges any other state law claims based on Chase's allegedly false reporting to credit bureaus, such claims are dismissed.

Moreover, the Court *sua sponte* dismisses Comer's claim for violations of § 2605(k) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617.  As this Court recognized in *Bates v. JPMorgan Chase Bank, N.A.,* RESPA § 2605(k) is not yet in effect.  *See Bates v. JPMorgan Chase Bank, N.A.*, No. 4:12-CV-43 (CDL), 2012 WL 3727534, at *4 (M.D. Ga. Aug. 27, 2012).  Accordingly, at present, Comer cannot base a RESPA claim on § 2605(k).

---

[3] Today's order only addresses Chase's contention that Comer's defamation claim must be dismissed because the pleadings establish as a matter of law that the claim is preempted by the FCRA.  The Court makes no determination as to whether Comer will be able to establish all of the essential elements of a state law defamation claim or whether she will be able to produce sufficient evidence to create a genuine factual dispute about Chase's alleged willful and malicious conduct, issues that are not presently before the Court.

IT IS SO ORDERED, this 18th day of September, 2012.

                                S/Clay D. Land
                                     CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE